■ THOMAS GASS, Appellant, v SUSAN GASS, Respondent. [26 NYS3d 273]—

Supplemental order, Supreme Court, New York County (Lancelot B. Hewitt, Special Ref.), entered July 30, 2014, to the extent it granted defendant wife lifetime spousal maintenance of $1,500 per month, unanimously affirmed, without costs.

The Special Referee providently exercised his discretion in awarding defendant maintenance after citing the relevant statutory factors and considering the parties' pre-divorce standard of living (*see* Domestic Relations Law § 236 [B] [6] [a]; *Cohen v Cohen*, 120 AD3d 1060, 1064 [1st Dept 2014], *lv denied* 24 NY3d 909 [2014]). In particular, the Special Referee cited defendant's limited income from her part-time teaching position, which paid no benefits and was not guaranteed to continue, the fact that defendant had not worked while she raised the parties' child, and the fact that she had to borrow money for more than eight years to cover her living expenses. In addition, while the Special Referee noted that defendant had not obtained certification to work as a New York City public school teacher, he noted that there was no evidence that such a teaching position would allow her to become self-supporting (*see Silverman v Silverman*, 304 AD2d 41, 51 [1st Dept 2003]).

These proceedings were remanded for clarification of the duration of the maintenance award in the Special Referee's order entered June 4, 2012, and to allow for appellate review of any lifetime maintenance award (113 AD3d 488 [1st Dept 2014]). The Special Referee sufficiently complied with this Court's directives by clarifying that his prior order awarded defendant lifetime maintenance and by elaborating on the reasons for that award. To the extent plaintiff, an attorney, argues that the Special Referee should have held a hearing at which plaintiff could have presented evidence that his financial

circumstances have changed for the worse since issuance of the order entered June 4, 2012, this argument is unavailing, since plaintiff did not request such a hearing. Concur—Acosta, J.P., Renwick, Andrias and Moskowitz, JJ.